UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MARIE RICHARDS,<br><br>          Appellant,<br><br>v.<br><br>RICHARD A. MARSHACK et al.,<br><br>          Appellees. | Case No. 8:23-cv-00659-SB<br><br>ORDER DISMISSING APPEAL AS FRIVOLOUS UNDER 28 U.S.C. § 1915<br><br>Bankruptcy No.  8:21-bk-10635-SC |

  Debtor Alicia Marie Richards filed a voluntary bankruptcy petition and listed certain real property, known as 351 Catalina Drive, Newport Beach, CA 92663, in her schedules. Appellee and Trustee Richard Marshack sold the property at auction to Appellee Lucian Rusu for $2,200,000. Despite the sale, Debtor refused to vacate the property and was eventually forcibly removed from it by the U.S. Marshals Service. Rusu claimed that he suffered approximately $140,000 in damages resulting from Debtor's refusal to vacate the property, paying $97,606 to keep his loan interest rate, $38,000 to keep his funding for the down payment, and $5,000 to remove Debtor's belongings from the property. Case No. 8:21-bk-10635, Dkt. No. 1196 at 12. To avoid litigation or the withdrawal of Rusu's bid, Appellees proposed, and the bankruptcy court approved, a $75,000 settlement between Trustee and Rusu. As a result of the settlement, the estate avoided $65,000 in alleged damages and litigation costs and retained $105,000 of the value of Rusu's sales price over the next highest bid. *Id.* at 2. Debtor now appeals this order approving the compromise. Dkt. No. 1.

  Debtor filed a request to proceed on appeal in forma pauperis (IFP). Dkt. No. 14. In light of the IFP request and the bankruptcy court's prior determination that Debtor is a vexatious litigant, the Court referred the appeal to the bankruptcy court for the limited purpose of assisting in the determination whether the appeal

was frivolous. Dkt. No. 22. The bankruptcy court determined that the appeal was frivolous and not taken in good faith. Dkt. No. 23. This Court agrees.

## I.

Given the extensive history of litigation with Debtor and the Court's familiarity with the facts, the Court adopts the facts as set forth in the bankruptcy court's order determining that the appeal is frivolous, which it believes to be accurate:

> On March 12, 2021, Debtor filed a voluntary petition for bankruptcy under Chapter 7 of Title 11, initiating the above-captioned bankruptcy case. Debtor originally listed in her schedules an interest in real property commonly known as 351 Catalina Drive, Newport Beach, CA 92663.
>
> On September 30, 2021, as Dk. No. 320, Trustee filed a motion to sell the Property. At a hearing and auction on November 4, 2021, Lucian Rusu was the successful and highest bidder at a final bid of $2,200,000. On November 29, 2021, as Dk. No. 414, the Court entered an order granting the Sale Motion. Debtor filed a notice of appeal of the Sale Order, which was affirmed by the Bankruptcy Appellate Panel.
>
> Debtor refused to voluntarily vacate the Property and opposed Trustee's efforts to obtain and enforce a writ of assistance with the United States Marshals Service. On February 25, 2022, pursuant to a writ of assistance, the Marshals removed Debtor from the Property. On March 8, 2022, the sale of the Property closed.
>
> As a result of the delays in closing, Mr. Rusu contended that he suffered consequential damages in the approximate amount of $140,000. Rather than litigate over the issues, Trustee negotiated a settlement with Mr. Rusu. Trustee presented a motion to approve the compromise on February 8, 2023, as Dk. No. 1196, which was approved by an order entered on March 28, 2023, as Dk. No. 1265. Debtor appeared at the hearing and argued against approval of the motion.

Dkt. No. 23 at 3 (cleaned up).[1]

After the bankruptcy court approved the compromise, Debtor appealed and filed a request to proceed IFP. Dkt. No. 14. Trustee opposed Debtor's request to proceed IFP, relying in part on the bankruptcy court's order determining Debtor to be a vexatious litigant.[2] *See* Dkt. No. 18. Because an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," 28 U.S.C. § 1915(a)(3), and because the bankruptcy court determined Debtor to be a vexatious litigant and was otherwise well positioned to assess whether Debtor's appeal was taken in good faith, the Court referred the matter to the bankruptcy court to determine whether the appeal was frivolous or taken in bad faith and whether the appeal presented a substantial question. Dkt. No. 22.

The bankruptcy court determined that the appeal was not taken in good faith. Dkt. No. 23. The bankruptcy court reasoned that the factors set forth in *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), weighed in favor of approving the compromise. *Id*. at 4. The bankruptcy court expounded on these factors at the March 21, 2023 hearing on the motion for compromise and found that the third factor, which considers expense, inconvenience, and delay, weighed heavily in favor of approving the compromise, as did the fourth factor, which looks to the interest of the creditors. Case No. 8:21-bk-10635, Dkt. No. 1690 at 11–12. Moreover, the bankruptcy court raised the concern that Debtor's "extreme litigiousness has resulted in administrative insolvency," which ordinarily forecloses a debtor's right to challenge a bankruptcy order. *See* Dkt. No. 23 at 4 (citing *In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020)). Finally, the bankruptcy court found that Debtor's conduct in this appeal mirrors her general "unusually litigious behavior" and that this appeal is but "one in a long line of frivolous appeals." *Id*. at 4–5.

---

[1] All citations in this block quotation are to the docket in the underlying bankruptcy proceeding: *In re Richards*, Case No. 8:21-bk-10635-SC.

[2] Debtor was determined to be a vexatious litigant on March 8, 2024. Case No. 8:21-bk-10635, Dkt. No. 1645. After the determination was made, the bankruptcy court stayed the determination to give Debtor additional time to respond to its order to show cause re prefiling order. *Id*. Dkt. No. 1649. On June 25, the bankruptcy court found Debtor's arguments unpersuasive and lifted the stay on the vexatious litigant order. *Id*. Dkt. No. 1710.

II.

Having reviewed the record as related to the compromise, including the motion to approve the compromise, Case No. 8:21-bk-10635, Dkt. No. 1196, the motion hearing transcript, *id*. Dkt. No. 1690, the order granting the motion, *id*. Dkt. No. 1265, the appeal, Dkt. No. 1, and the bankruptcy court's order concluding that the appeal is not taken in good faith, Dkt. No. 23, this Court agrees that Debtor's appeal, which has no arguable basis in fact or law, is frivolous and not taken in good faith. *See O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (defining "frivolous" filing under IFP statute as one having "no arguable basis in fact or law"). "[T]he bankruptcy court's order approving the trustee's application to compromise the controversy is reviewed for an abuse of discretion." *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986). Here, the bankruptcy judge considered the relevant factors in deciding whether to approve the compromise, and those factors amply support approval. There is no basis for finding an abuse of discretion.

Where a party requests to proceed in forma pauperis, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2). Having made the determination that the appeal is in fact frivolous, the Court sua sponte dismisses the appeal. *See id*. § 1915(e)(2)(B)(i); *see also In re Minh Vu Hoang*, No. 11-CV-2641, 2011 WL 10583556, at *5 (D. Md. Dec. 13, 2011), *aff'd,* 473 F. App'x 201 (4th Cir. 2012) (dismissing appeal as frivolous after bankruptcy court provided recommendation on frivolity); *In re PSG Mortg. Lending Corp.*, No. 22-CV-04330, 2022 WL 4230436, at *2 (N.D. Cal. Aug. 1, 2022) (dismissing appeal as frivolous under 28 U.S.C. § 1915).

The clerk shall close the case.

Date: September 13, 2024

                                                     Stanley Blumenfeld, Jr.
                                                     United States District Judge